

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

FILED
JUL 15 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

May 13, 2014

Michael B. Hissam, Esquire
209 Capitol Street
Charleston, West Virginia 25301

Re: United States v. Ronald Barnette

Dear Mr. Hissam:

This will confirm our conversations with regard to your client, Ronald Barnette. As a result of these conversations, it is agreed by and between the United States and Mr. Barnette as follows:

1. **CHARGING AGREEMENT.** Mr. Barnette agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Barnette will plead guilty to a violation of 18 U.S.C. § 1001(a)(2)(false statement) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Barnette will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of five years;

   (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's

_____
Defendant's
Initials

*RB*

   conduct, whichever is greater;

   (c) A term of supervised release of three years;

   (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

   (e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

   4. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Barnette will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Barnette will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Barnette fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Barnette.

   5. **FORFEITURE.** Notwithstanding the offense of conviction, the parties agree as follows:

   a. Mr. Barnette agrees that the United States could establish, by a preponderance of the evidence, a criminal and/or civil forfeiture proceeding against Mr. Barnette pursuant to Title 18, United States Code, Sections 1956 and 1957 arising out of his involvement in a cash kickback scheme related to work performed by Mr. Barnette's company, Mining Repair Specialist, Inc. ("MRS") at the Mountain Laurel mining complex owned and operated by a subsidiary of Arch Coal, Inc. primarily on the repair of miners and roof bolters (the "Miner/Bolter Rebuild Kickback Scheme").

   b. Mr. Barnette recognizes that the United States could

_____
Defendant's Initials

    institute a civil and/or criminal forfeiture for his role in the Miner/Bolter Rebuild Kickback scheme.

c. Mr. Barnette consents to, and otherwise agrees not to contest, an administrative forfeiture of $400,000 instituted by the Federal Bureau of Investigation pursuant to Title 18, United States Code, Sections 981 and 982.

d. Within ten (10) days of the filing of the information, Mr. Barnette agrees to pay the $400,000 in forfeitable funds to the address below and releases any and all claims he or his company may have to such funds:

    United States Marshals Service
    c/o Federal Bureau of Investigation
    Attn: Dean Lauffer
    Jerry Dove Building
    113 Virginia Street East
    Charleston, WV 25301

e. Mr. Barnette's acknowledges that his failure to pay said funds in accordance with the terms of this subparagraph constitutes a breach of the plea agreement.

f. Mr. Barnette shall indemnify the United States or otherwise make whole the value of said funds to which any other person may assert, or has asserted, a claim to lawful ownership or interest.

g. Mr. Barnette shall waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>Alexander v. United States</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>Austin v. United States</u>, 509 U.S. 602 (1993) and their progeny.

    6. **PAYMENT OF MONETARY PENALTIES.** Mr. Barnette agrees not to object to the District Court ordering all monetary penalties

_RB_ (initials)<br>
Defendant's<br>
Initials

(including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Barnette further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7. **COOPERATION.** Mr. Barnette will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Barnette may have counsel present except when appearing before a grand jury. Further, Mr. Barnette agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Barnette, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by Mr. Barnette pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Barnette, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Barnette for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Barnette for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **TERMINATION OF PROSECUTION.** The conviction and final disposition of Mr. Barnette pursuant to this plea agreement will

_RB_
Defendant's
Initials

conclude the investigation and any prosecution of Diana Barnette by the United States in the Southern District of West Virginia for her involvement in the offenses that Mr. Barnette committed related to the Minter/Bolter Rebuild Kickback Scheme, more specifically outlined in the Stipulation of Facts that is Attachment B to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Barnette stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Barnette agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Barnette, and Mr. Barnette is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Barnette or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Barnette or on his behalf. Mr. Barnette knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Barnette understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Barnette agree that the following provisions of the United States Sentencing Guidelines apply to this case.

_RB_
Defendant's Initials

      USSG §2B1.1

| | |
|---|---|
| Base offense level | 6 |
| Loss (Alternative Gain) ($200,000 > $400,000) | +12 |
| Adjusted Offense Level | 18 |

     The United States and Mr. Barnette acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

     13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Barnette knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

     Mr. Barnette also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

     The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

                                                            *RB*
                                                              Defendant's
                                                                Initials

14. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Barnette knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Mr. Barnette;

    (f) Advise the Court concerning the nature and extent of Mr. Barnette's cooperation; and

    (g) Address the Court regarding the issue of Mr. Barnette's acceptance of responsibility.

16. **VOIDING OF AGREEMENT**. If either the United States or Mr. Barnette violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT**. This written agreement

_____
Defendant's Initials

Michael B. Hissam, Esquire
May 13, 2014                              Re: Ronald Barnette
Page 8

constitutes the entire agreement between the United States and Mr. Barnette in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Barnette in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                          R. BOOTH GOODWIN II
                          United States Attorney

By: _____
                          MEREDITH GEORGE THOMAS
                          Assistant United States Attorney

                          THOMAS C. RYAN
                          Assistant United States Attorney

MGT/smw

                                            _____
                                            Defendant's
                                            Initials

Michael B. Hissam, Esquire
May 13, 2014                              Re: Ronald Barnette
Page 9

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this nine-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          5-14-14
Ronald Barnette                    Date Signed
Defendant

_____          5/16/2014
Michael B. Hissam, Esquire         Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO._____
                                   18 U.S.C. § 1001(a)(2)

**RONALD BARNETTE**

# I N F O R M A T I O N

The United States Attorney Charges:

At all relevant times:

1. Defendant RONALD BARNETTE owned and operated Mining Repair Specialist, Inc. ("MRS"), a West Virginia corporation headquartered in or near Holden, Logan County, West Virginia.

2. MRS performed equipment rebuild and repair work for various mining companies and mining related businesses in southern West Virginia, including rebuilding miners and bolters.

3. Since approximately early 2006, Mingo Logan Coal Company, a wholly-owned subsidiary of Arch Coal, Inc. ("Arch"), owned and operated an underground mine in or near Sharples, Logan County, West Virginia, known as the Mountain Laurel Mining Complex.

4. A person known to the United States Attorney ("Known Person Three") served as the general manager for the Mountain Laurel Mining Complex.

5. Since approximately 2009, Known Person Three required defendant RONALD BARNETTE to pay illegal cash kickbacks on work MRS received from the Mountain Laurel Mining Complex to rebuild miners and bolters (the "Miner/Bolter Rebuild Kickback Scheme").

6. From approximately 2009 through and until at least sometime in 2010, Defendant RONALD BARNETTE would and did pay Known Person Three approximately $300,000 in cash kickbacks.

### False Statement

7. On or about March 22, 2014, at or near Holden, Logan County, West Virginia, within the Southern District of West Virginia, Defendant RONALD BARNETTE, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, that is, the Internal Revenue Service assisted by the West Virginia State Police, in that Defendant RONALD BARNETTE denied paying kickbacks to Known Person Three, when in truth and in fact as he then well knew, that statement was materially false.

In violation of Title 18, United States Code, Section 1001(a)(2).

        UNITED STATES OF AMERICA

        R. BOOTH GOODWIN II
        United States Attorney


By: _____
     MEREDITH GEORGE THOMAS
     Assistant United States Attorney


By: _____
     THOMAS C. RYAN
     Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 2:14-000

**RONALD BARNETTE**

### STIPULATION OF FACTS

The United States and Ronald Barnette (hereinafter "Mr. Barnette") stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia include the following:

Since at least 1987, Mr. Barnette has owned and operated Mining Repair Specialist, Inc., ("MRS"), a West Virginia corporation headquartered in Logan County, West Virginia. MRS performed rebuilds for the Mountain Laurel Mining Complex, which is owned by Mingo Logan Coal Company, a wholly owned subsidiary of Arch Coal, Inc. Rebuild jobs generally included the disassembly, cleaning and inspection of machines used in coal mining, with the rebuilding or replacement of parts that were worn, broken, or scheduled to be replaced. MRS primarily performed rebuild jobs on miners and bolters, large equipment used in underground mining.

The Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS") and the West Virginia State Police ("WVSP") conducted an investigation focused on, among other things, criminal violations relating to a conspiracy to commit mail and wire fraud, structuring, tax evasion and money laundering associated with the payment of kickbacks by vendors at Mountain Laurel to a high level Arch employee ("Known Person Three").

Sometime in 2009, Mr. Barnette was approached by Known Person Three, who requested Mr. Barnette to pay kickbacks in exchange for continuing to receive rebuild jobs at Mountain

_RB_
Defendant's Initials

**PLEA AGREEMENT EXHIBIT B**

Laurel. From approximately 2009 through and until at least sometime in 2010, Mr. Barnette estimates that he paid Known Person Three approximately $300,000 in cash kickbacks (the "Miner/Bolter Rebuild Kickback Scheme"). This estimate is based on a review of MRS' books and records and Mr. Barnette's course of dealing with Known Person Three. Mr. Barnette generally made these payments directly to Known Person Three. Mr. Barnette acknowledged that the payments were wrong, but he believed they were necessary at the time to retain the work for MRS at the Mountain Laurel Mining Complex.

On March 22, 2014, ~~FBI and~~ IRS agents along with WVSP investigators interviewed Mr. Barnette regarding his involvement in paying kickbacks at Mountain Laurel. The agents directly asked Mr. Barnette whether he ever paid cash kickbacks to Known Person Three. Mr. Barnette falsely stated that he had not, which, as he then well knew, was not true.

This Stipulation of Facts does not contain each and every fact known to Mr. Barnette and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_Ronald Barnette_　　　　　　　　　　　5-14-14
RONALD BARNETTE　　　　　　　　　　　Date
Defendant

_[signature]_　　　　　　　　　　　　　5/16/2014
MICHAEL B. HISSAM　　　　　　　　　　Date
Counsel for Defendant

_[signature]_　　　　　　　　　　　　　5·19·2014
MEREDITH GEORGE THOMAS　　　　　　　Date
Assistant United States Attorney

_[signature]_　　　　　　　　　　　　　5·19·14
THOMAS C. RYAN　　　　　　　　　　　 Date
Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　_RB_
　　　　　　　　　　　　　　　　　Defendant's
　　　　　　　　　　　　　　　　　　Initials

**PLEA AGREEMENT EXHIBIT B**