# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:14-00114

**RONALD BARNETTE**

### Defendant's Response to Government's Memorandum of Law Regarding the Definition of "Willfully"

Defendant Ronald Barnette, by counsel, hereby submits the following response to the Government's Memorandum of Law Regarding the Definition of Willfully for the Purpose of 18 U.S.C. § 1001 (Docket #13).  Defendant agrees with the Government's position regarding the meaning of "willfully" for purposes of a violation of Section 1001, *i.e.*, that the defendant must have acted with knowledge that his conduct was unlawful.  In addition, Defendant believes there is an adequate factual basis for his plea under this interpretation of the "willfully" element.

As the Government explains in its memorandum, the courts of appeal are divided as to the proper interpretation of "willfully."  In two recent briefs opposing petitions for *certiorari*, however, the Government has advanced the position that "willfully," both for purposes of the statute under consideration in those cases (18 U.S.C. § 1035) and for purposes of Section 1001, requires proof that the defendant acted with knowledge that his conduct was unlawful.  The Fourth Circuit, by contrast, has interpreted "willfully" for purposes of Section 1001 simply to mean that an act was done "deliberately and intentionally as contrasted with accidently, carelessly, or unintentionally."  *United States v. Daughtry*, 48 F.3d 829, 830–32 (4th Cir. 1995), *vacated on other grounds*, 516 U.S. 984 (1995) (internal quotation marks omitted).  The Government's current position is informed largely by the Supreme Court's analysis of the

meaning of "willfully" in *Bryan v. United States*, 524 U.S. 184, 191 (1998).  In *Bryan*, the Supreme Court held that, "when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'"  524 U.S. at 191.  "In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful."  *Id.* at 191–92 (internal quotation marks omitted).  Defendant suggests that when reexamined through the lens of *Bryan* — and especially in light of the Government's current position — "willfully" for purposes of Section 1001 requires proof that the defendant acted with knowledge that his conduct was unlawful.

As for the factual basis for the guilty plea in this case, Defendant acknowledges that during his interview with the case agents on March 22, 2014, he failed to correct the misapprehension that he had not historically paid kickbacks to Known Person Three at Mountain Laurel.  In attempting to mislead the case agents as to his past payment of kickbacks, Defendant acted with knowledge that his conduct was unlawful.  Thus, there is a factual basis for Defendant's guilty plea to a violation of 18 U.S.C. § 1001.

**Ronald Barnette,
By Counsel**

/s/Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
mhissam@baileyglasser.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                  **CRIMINAL NO. 2:14-00114**

**RONALD BARNETTE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2014, I filed the foregoing ***Defendant's Response to Government's Memorandum of Law Regarding the Definition of "Willfully"*** using the Court's CM/ECF system, which will cause a copy to be served upon the following:

        Meredith George Thomas, Esq.
        Assistant United States Attorney
        Robert C. Byrd Courthouse
        300 Virginia Street East, Suite 4000
        Charleston WV 25301

        /s/Michael B. Hissam
        Michael B. Hissam (WVSB #11526)