IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00114

**RONALD BARNETTE**

SENTENCING MEMORANDUM

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and files this Sentencing Memorandum.

**I.  Defendant's Role in the Offense**

Defendant Barnette was prosecuted as part of an investigation focused on corporate fraud, kickbacks and bribery at Mountain Laurel Mining Complex ("Mountain Laurel"), owned by a subsidiary of Arch Coal, Inc.[1] As reflected in the Stipulation of Facts filed in this case, Barnette owned and operated Mining Repair Specialist, Inc. ("MRS"), which performed rebuilds on equipment used at Mountain Laurel Mining Complex in Sharples, West Virginia. Sometime in 2009, Barnette was approached by David Runyon, the general manager, who requested that Barnette pay kickbacks, and in exchange Barnette would continue to receive miner/bolter rebuild jobs at Mountain Laurel. From approximately 2009 through sometime in 2010, Barnette estimates

---

[1] Related cases include the prosecutions of Gary Roeher, Scott Ellis, Alvis Porter, James Evans, III, David Herndon, Stephen Herndon, Chadwick Lusk, David Runyon and Gary Griffith.

that he paid approximately $300,000 in cash kickbacks to Runyon. Barnette acknowledged that the payments were wrong but that he had to pay them to retain work for his company at Mountain Laurel. When Barnette was interviewed by IRS agents and the West Virginia State Police on March 22, 2014, regarding his involvement in paying kickbacks, he falsely stated that he had not paid kickbacks, which he knew was not true.

**II. 3553(a) Argument**

The nature and circumstances of Barnette's conduct warrant a sentence within the advisory guideline range. His offense of conviction is directly related to his conduct as a vendor at Mountain Laurel. Barnette denied paying kickbacks at Mountain Laurel to investigators, when he, in fact, had paid kickbacks. Not only did Barnette make a false statement to investigators, but his conduct as a vendor at Mountain Laurel, which his guidelines are based upon, contributed to the "culture of corruption" that this Court has identified and was more than just a one-time event. Moreover, his actions at Mountain Laurel resulted in great personal benefit to defendant.

Paying kickbacks has an economic impact on the company whose employee is receiving the kickbacks. Had Arch Coal known that MRS would have, essentially, taken $300,000 less over a relatively brief

period for the work done on Mountain Laurel equipment, Arch Coal could have negotiated for a better price or a discount.

The arrangement between Runyon and Barnette also kept other rebuild companies from receiving the miner/bolter rebuild work that MRS obtained from Mountain Laurel. The kickbacks ensured that MRS continued to receive those rebuild jobs at Mountain Laurel, essentially precluding competition on those jobs. See Stipulation of Facts at 2.

The kickback arrangement between Barnette and Runyon further provided Runyon with an incentive to keep relevant information from his employer, which could have ultimately harmed Arch Coal. Kickback arrangements create an economic risk to an employer because they create an incentive – cash kickbacks - for the employee to keep economically-relevant information from his employer, such as a vendor providing substandard services or failing to meet the terms and conditions of a contract. Although such actions are not alleged here, that economic risk is inherent in a kickback scheme such as the one at issue, and is part of the nature of the crime about which Barnette made his false statement.

The United States further remains concerned that Barnette denies having any criminal relationship with Scott Ellis, when Barnette and MRS participated in an uncharged bidding scheme where Barnette's company placed what were essentially false bids on

3

rebuilds that ultimately Ellis's company won, when MRS had no intention of winning the work and knew that such bids were being placed only to satisfy bidding requirements.  However should the Court grant the Defendant acceptance of responsibility, the United States does not intend to seek to withhold the third acceptance point.

    Respectfully submitted,

    R. BOOTH GOODWIN II
    United States Attorney

By:
    <u>/s/Meredith George Thomas</u>
    MEREDITH GEORGE THOMAS
    Assistant United States Attorney
    WV Bar No.10596
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone:  304-345-2200
    Fax:  304-347-5104
    Email: meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 18th day of February, 2015, to:

        Michael B. Hissam, Esquire
        209 Capitol Street
        Charleston, West Virginia 25301

        /s/Meredith George Thomas
        MEREDITH GEORGE THOMAS
        Assistant United States Attorney
        WV Bar No.10596
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email:meredith.thomas@usdoj.gov