IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:14-cr-00114

RONALD BARNETTE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's motion to correct his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure [ECF 40].

On July 14, 2014, Defendant pled guilty to making a false statement, in violation of 18 U.S.C. § 1001(a)(2). On February 25, 2014, the Court determined at sentencing that Defendant's offense involved at least $200,000 in "loss," but not more than $400,000, and pursuant to U.S. SENTENCING GUIDELINES MANUAL (USSG) § 2B1.1 (b)(1) (2014), increased the base offense level of six, *see* USSG § 2B1.1 (a)(1), by twelve levels to eighteen. Pursuant to the terms of the plea agreement, Defendant did not object to this calculation.

On March 10, 2015, at the commencement of a sentencing hearing in the related case of *United States v. Griffith*, Case No. 2:14-cr-118, also involving a charge under 18 U.S.C. § 1001(a)(2), the Court raised the issue of whether the application of the "loss" table in USSG § 2B1.1(b)(1) was appropriate. The Court requested briefing from the parties on the issue and continued the sentencing hearing to a later date. The Court invited Defendant and his counsel to

attend the sentencing hearing, and Defendant's counsel discussed on the record the ramifications of this issue for Defendant's case.

Later that day, Defendant filed the instant motion pursuant to Rule 35(a). Defendant requests that the Court "correct the readily apparent defect that the Court has identified in the related case," arguing that there is no basis for concluding that there was a "loss" in this case corresponding with the twelve-level enhancement.

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). The rule "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." FED. R. CRIM. P. 35 Advisory Committee's Note. The fourteen-day period is jurisdictional, requiring that the motion be ruled on by the district court within that period, not merely that a motion be filed within that period. *United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005).

The Court was not able to conclude by March 11, 2015, fourteen days after Defendant's sentencing, that the application of the twelve-level enhancement under USSG § 2B1.1(b)(1) constituted "clear error." Accordingly, the Court **DENIES** the instant motion [ECF 40].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 12, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE