**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**


**v.**                                                             **CRIMINAL NO. 2:14-00114**

**RONALD BARNETTE**

## Defendant's Motion to Modify Conditions of Probation

Defendant Ronald Barnette, by counsel, and pursuant to 18 U.S.C. § 3563(c) and Rule

32.1 of the Federal Rules of Criminal Procedure, respectfully requests that this Court modify the

conditions of Defendant's probation to remove the condition that the Defendant serve six months

on home confinement.  Defendant states the following in support of this motion:

1.      On July 14, 2014, Defendant plead guilty to a single-count Information charging

him with a violation of 18 U.S.C. § 1001.  Pursuant to his Plea Agreement (Docket #10), the

Government and the Defendant stipulated to an Adjusted Guideline Level of 18, based on a base

offense level of 6 and a 12-level enhancement based on a cross-reference to the "loss table"

contained in §2B1.1(b)(1) of the Guidelines Manual.  *See* U.S.S.G. § 2B1.1(b)(1) ("If the loss

exceeded $5,000, increase the offense level as follows….").  Pursuant to the terms of the Plea

Agreement, Defendant did not object to the Probation Department's calculation of the 12-level

enhancement based on the "loss" amount or argue at sentencing that the stipulated Guideline was

inappropriate.

2.      On February 25, 2015, the Court adopted the presentence investigation report and

found the Defendant's adjusted offense level to be 18.  After making a three-level reduction for

acceptance of responsibility and granting the Government's motion for a four-level reduction for

substantial assistance pursuant to § 5K1.1, the Court found the final offense level to be 11.  With

a criminal history category I, the resulting advisory Guideline range was 8-14 months' imprisonment and a fine of $2,000 to $20,000. The Court imposed a 3-year term of probation and a $20,000 fine, which the Defendant has paid. As a discretionary condition of probation, pursuant to 18 U.S.C. § 3563(b)(19), the Court imposed a six-month term of home confinement with electronic monitoring. *See* Docket #37, at p. 3. Absent the "loss" enhancement under § 2B1.1(b)(1), Defendant's final offense level after acceptance of responsibility would have been a 4, with a resulting advisory Guideline range of 0-6 months' imprisonment.

3.      On March 10, 2015, at the commencement of a sentencing hearing in a related case (*United States v. Gary K. Griffith*, No. 2:14-cr-118), also involving a charge under 18 U.S.C. §1001, the Court raised the issue with the Government of whether the application of the "loss" table under § 2B1.1 was appropriate in a case involving a false statement charge. The Court requested briefs from the parties on the issue and continued Mr. Griffith's sentencing hearing to a later date. The Court also inquired of the undersigned as to the ramifications for the sentence in the instant case, and a discussion was held on the record as to the procedural posture of this case. That same day, Defendant filed an Emergency Motion for Correction of Sentence (Docket #40), pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. On March 12, 2015, this Court denied the motion because it "was not able to conclude by March 11, 2015, fourteen days after Defendant's sentencing, that the application of the twelve-level enhancement under USSG § 2B1.1(b)(1) constituted 'clear error,'" as required by Rule 35(a). *Id.*

4.      On June 24, 2015, this Court entered in Mr. Griffith's case a Memorandum Opinion and Order (Docket #36 in No. 2:14-cr-118) in which the Court concluded that the "loss arising out of the [kickback scheme] is not attributable to Defendant for purposes of applying an enhancement under U.S.S.G. § 2B1.1(b)(1)." As a result, Mr. Griffith's adjusted offense level

after acceptance of responsibility was a 4. Mr. Griffith's sentencing hearing took place on June 30, 2015. Emphasizing the deterrence considerations stemming from Mr. Griffith's role as the recipient of kickbacks while employed at Arch Coal — which is inapplicable to Defendant, who never received any kickbacks — the Court sentenced Mr. Griffith to a six-month term of imprisonment. According to the most recent filing in Mr. Griffith's case, he began serving his period of incarceration on August 17, 2015.

5. As for Defendant, the Probation Department opted not to begin his six-month period of home confinement during the pendency of Mr. Griffith's proceedings. Thus, despite having been sentenced to home confinement by this Court on February 25, 2015, Defendant has still not yet been placed on home confinement. The Probation Department recently informed the Defendant that they would commence his term of home confinement, absent the relief from the Court being sought in the instant motion.

6. Defendant has been under the supervision of the Probation Department since his guilty plea hearing and initial appearance before this Court on July 14, 2014. In this nearly sixteen-month period, Defendant has had no issues whatsoever in complying with the conditions of his probation and the instructions of his supervising probation officer.

7. This Court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provision of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c). Rule 32.1(c) of the Federal Rules of Criminal Procedure applies to the modification of probation and states that 18 U.S.C. § 3563 governs the Court's "disposition of the case." Section 3563(b) permits the Court to impose those discretionary conditions of

probation — including home confinement — that "are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve *only such deprivations of liberty or property as are reasonable necessary* for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b) (emphasis added).

8.      In light of the special circumstance of this case, as set forth below, Defendant respectfully submits that the special condition of a six-month term of home confinement is not reasonably necessary at this point to serve the sentencing purposes set forth in 18 U.S.C. § 3553:

   o   Together with his three-year period of probation, Defendant's status as a convicted felon and the significant financial consequences of his plea agreement already reflect the seriousness of his offense and the need to afford adequate deterrence to criminal conduct — especially in light of the fact that Defendant was never an employee of Arch Coal, and thus Defendant was never in the position of having demanded or received a single kickback.

   o   Second, while on supervision by the Probation Department over the almost sixteen months, Defendant has been a model defendant.

   o   Third, the special condition of home confinement is also particularly difficult in this case because Defendant is affiliated with various family-run, small businesses and thus his working hours do not follow a set schedule.

   o   Finally, removing the special condition of home confinement will not create any unwarranted sentencing disparities. This Court has sentenced other similarly situated Defendants, including Stephen Herndon and Scott Ellis, to a period of probation — without home confinement — for similarly positioned offenses under the Sentencing Guidelines, and arising out of the same investigation. That was the case even though Mr. Ellis's final offense level was two levels higher

than Defendant's, and even though Mr. Herndon had been employed as an insider Arch Coal during the underlying kickback scheme.

9.      Pursuant to Rule 32.1(c), a hearing must be held before modifying the conditions of probation unless (1) the person waives the hearing, (2) the relief sought is favorable to the person, and (3) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.   Defendant waives a hearing in this case, and the relief sought is favorable to him.  The undersigned has shared the contents of this motion with counsel for the United States, who has indicated that the United States intends to promptly file a written response to this motion.

Accordingly, Defendant Ronald Barnette respectfully requests that this Court enter an order modifying his conditions of probation to remove the condition of home confinement.

Dated:  November 4, 2015                    Respectfully submitted,

                                            RONALD BARNETTE,
                                            By Counsel.

/s/Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
mhissam@baileyglasser.com

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:14-00114**

**RONALD BARNETTE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2015, I filed the foregoing

**Defendant's Motion to Modify Conditions of Probation** using the Court's CM/ECF system,

which will cause a copy to be served upon the following:

> Meredith George Thomas, Esq.
> Assistant United States Attorney
> Robert C. Byrd Courthouse
> 300 Virginia Street East, Suite 4000
> Charleston WV 25301

> /s/Michael B. Hissam
> Michael B. Hissam (WVSB #11526)