# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:14-00114

RONALD BARNETTE

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S
## MOTION TO MODIFY CONDITIONS OF PROBATION

Comes now the United States of America, by Larry R. Ellis, Assistant United States Attorney for the Southern District of West Virginia, and in response to Defendant's Motion to Modify Conditions of Probation, represents as follows:

Inasmuch as the period of home confinement originally prescribed for defendant was imposed as a term or condition of probation, ECF No. 37, p. 2, this Court, as defendant argues, retains jurisdiction to alter or remove that term at any time during the period of probation.  18 U.S.C. § 3563(c); Fed. R.Cr.Pr. 32.1.

The United States concedes that the guideline calculation contained in defendants' plea agreement and applied by this Court in the original sentencing in this case would be affected by the Court's Memorandum Opinion and Order entered in *United States v. Griffith*, Criminal No. 2:14-cr-00118, on June 24, 2015.

While there are factual differences between this case and the *Griffith* case, the United States concedes that the relationship between the offense of conviction here and the conduct occasioning the "loss" as defined in the plea agreement is essentially the same in this case as in the *Griffith* case. Thus, as the Court's ruling affected the sentencing calculation in *Griffith*, it would, likewise, affect the calculation here.

Nonetheless, the United States does not agree that any accordant modification in defendant's guideline calculation must necessarily result in a total rescinding of the term of home confinement. The Court may, in its discretion, determine that some measure of home confinement is warranted here.

The United States is satisfied that the factual details of this case have been thoroughly developed in this record and in the pre-sentence report and that its arguments in support of sentencing are, likewise, a matter of record.

The Court has jurisdiction and discretion to alter or remove the term of home confinement imposed herein. The United States does

not object to the Court exercising that authority and discretion

without further argument or evidence.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:
/s/Larry R. Ellis
LARRY R. ELLIS
Assistant United States Attorney
WV Bar No. 1122
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email:larry.ellis@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Modify Conditions of Probation" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 4th day of November, 2015, to:

Michael B. Hissam, Esquire
209 Capitol Street
Charleston, West Virginia 25301

/s/Larry R. Ellis
LARRY R. ELLIS
Assistant United States Attorney
WV Bar No. 1122
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:larry.ellis@usdoj.gov