UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00114

**RONALD BARNETTE**

### Defendant's Motion to Modify Conditions of Probation

Defendant Ronald Barnette, by counsel, and pursuant to 18 U.S.C. § 3563(c) and Rule 32.1 of the Federal Rules of Criminal Procedure, respectfully requests that this Court modify the conditions of Defendant's probation to permit him to be in the possession of archery equipment, for the purpose of deer hunting on private land for the remainder of the 2016 deer hunting season in West Virginia. Because this matter is time-sensitive, Defendant respectfully requests this relief on an expedited basis. Defendant states the following in support of this motion:

1. On May 14, 2014, Mr. Barnette entered into a Plea Agreement (Docket #10) with the United States. On July 14, 2014, Mr. Barnette entered a guilty plea to a single-count Information charging him with a violation of 18 U.S.C. § 1001. On February 25, 2015, the Court imposed a 3-year term of probation and a $20,000 fine, which the Defendant promptly paid. The Court also imposed a six-month term of home confinement with electronic monitoring. On December 1, 2015, however, this Court entered an Order Modifying Conditions of Probation (Docket #48), modifying the conditions of probation to eliminate the six-month term of home confinement with electronic monitoring.

2. Defendant has been under the supervision of the Probation Department since his guilty plea hearing and initial appearance before this Court on July 14, 2014. In this period of over two years, Defendant has been an exemplary probationer. He has had no issues whatsoever in complying with the conditions of his probation and the instructions of his supervising probation officer. He has met his financial obligations and refrained from any additional criminal conduct. Moreover, Mr. Barnette has maintained steady self-employment through his mining repair and movie theater businesses during the entire term of his probation.

3. According to this Court's Judgment (Docket #37), Defendant's probation conditions stipulate that he "shall not possess … any other dangerous weapon."

4. Defendant is a lifelong, avid hunter. He seeks a modification of this single probation condition simply to allow him to possess archery equipment — specifically, a compound bow — for the limited purposed of deer hunting during the 2016 archery season in the State of West Virginia, which closes on December 31, 2016. Furthermore, Defendant does not seek permission to possess archery equipment on public land. He only seeks to hunt on private land accessed via an ATV. Because the archery season in West Virginia will close in approximately six weeks, Defendant seeks this relief from the Court on an expedited basis.

5. This Court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provision of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c). Rule 32.1(c) of the Federal Rules of Criminal Procedure applies to the modification of probation and states that 18 U.S.C. § 3563 govern the Court's "disposition of the case." Section 3563(b) permits the Court to impose those *discretionary* conditions of probation

— including the prohibition on possession of a "dangerous weapon" — that "are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve *only such deprivations of liberty or property as are reasonable necessary* for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b) (emphasis added).

6. Pursuant to Rule 32.1(c), a hearing must be held before modifying the conditions of probation unless (1) the person waives the hearing, (2) the relief sought is favorable to the person, and (3) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. Defendant waives a hearing in this case, and the relief sought is favorable to him. The undersigned also attempted to confer with counsel for the United States, and informed counsel in writing prior to filing this motion of the relief being sought. At the time of filing, Defendant has not received a response indicating the Government's position on this motion.

WHEREFORE, Mr. Barnette respectfully requests that the Court grant this motion and modify his probation to allow him to possess archery equipment (to wit, a compound bow) for the limited purposed of deer hunting on private lands during the 2016 archery season in the State of West Virginia, which closes on December 31, 2016.

Dated: November 16, 2016            Respectfully submitted,

RONALD BARNETTE,
By Counsel.

/s/Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
mhissam@baileyglasser.com

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00114

**RONALD BARNETTE**

   **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2016, I filed the foregoing **Defendant's Motion to Modify Conditions of Probation** using the Court's CM/ECF system, which will cause a copy to be served upon the following:

   Meredith George Thomas, Esq.
   Assistant United States Attorney
   Robert C. Byrd Courthouse
   300 Virginia Street East, Suite 4000
   Charleston WV 25301

     /s/Michael B. Hissam
     Michael B. Hissam (WVSB #11526)